UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Rx USA INTERNATIONAL, INC,

                                        Plaintiff,               **MEMORANDUM
                                                                 OPINION** and
- against -                                                      **ORDER**


SUPERIOR PHARMACEUTICAL CO. d/b/a                               CV 04-5074 (TCP)

RXBAZAAR, INC. d/b/a FPP DISTRIBUTORS,
INC., C. ROBERT CUSICK, ROBERT
CAWTHORN, HANDEL EVANS, SHIKAR
GHOSH, WOLF & CO., P.C., FOLEY, HOAG
& ELLIOTT, LLP, WEST AMERICAN
INSURANCE COMPANY and OHIO
CASUALTY INSURANCE COMPANY,

                                        Defendants.
-------------------------------------------------------------X
PLATT, District Judge:

        In a letter dated, November 8, 2005, Defendant Foley, Hoag &

Elliott, LLP ("Foley") moves this Court to (i) order the correction of the Court's

Memorandum and Order of October 20, 2005 ("the Order") as well as the July 25,

2005 transcript of oral argument ("the transcript"), (ii) reconsider the Order

denying Foley Hoag's Motion to Dismiss, and (iii) grant Foley Hoag's Motion to

Dismiss.  For the following reasons, Defendant's motions are **GRANTED IN**

**PART AND DENIED IN PART.**


A.  **Correction of Court Documents**

        On November 4, 2005, counsel for Plaintiff ("Rx USA"), Donald

N. Rizzuto, submitted a letter to this Court stating that he was misquoted in the

oral argument transcript.  Mr. Rizzuto was quoted as follows:  "What happened was, shortly thereafter Foley and RxBazaar was [sic] indicted by the Justice Department for selling contraband product across state lines."

Mr. Rizzuto stated that this passage was incorrectly recorded by the Court Reporter.  The passage should have read: "What happened was, shortly thereafter RxBazaar was indicted by the Justice Department for selling contraband product across state lines."

Accordingly, this Court orders the Court Reporter to correct the oral argument transcript.  The Court will also issue an amended Memorandum and Order, which deletes any reference to an indictment of Foley by a federal grand jury or an investigation of Foley by the Justice Department.

**B.  Reconsideration of this Court's Memorandum and Order**

Local Rule 6.3 governs motions to reconsider in this District.[1] Consideration of such a motion is "committed to the sound discretion of the

---

[1]

Local Rule 6.3 states:

> A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10) days after the entry of judgment.* There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.  The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion.  No oral argument shall be heard unless the court directs that the matter shall be reargued orally.  No affidavits shall be filed by any party unless directed by the court. (emphasis in original).

district court." *Quartararo v. Catterson*, 73 F. Supp. 2d 270, 273 (E.D.N.Y. 1999). Reconsideration will generally be denied "'unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Bell Sports, Inc. v. System Software Assocs., Inc.*, 71 F. Supp. 2d 121, 125 (E.D.N.Y. 1999) (quoting *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995)).

Foley argues that this Court's Order overlooked two controlling legal decisions: *Friedman v. Hartmann*, 1994 WL 97104 (S.D.N.Y. March 23, 1994) and *Prudential Insurance Co. v. Dewey, Ballantine, Bushby, Palmer & Wood et al.*, 80 N.Y.2d 377 (N.Y. 1922). In *Friedman*, plaintiffs, who were not clients of the defendant attorney, alleged that the defendant had negligently failed to disclose certain key documents, and negligently failed to advise plaintiff of necessary disclosures. 1994 WL 97104 at *5. The court held that the attorney had no duty of care to the non client plaintiff. *Id.* at *6-7. Similarly, in *Prudential*, a non client plaintiff brought a claim for negligence, alleging that the law firm's opinion letter had given the plaintiff false assurance that its security interest would be protected. 80 N.Y.2d at 381. The court held that while the law firm owed a duty of care in this situation, the defendants had not breached that duty. *Id.* at 385-87.

Unlike the plaintiffs in *Friedman* and *Prudential*, Rx USA does not allege ordinary negligence in the complaint; rather, the company claims that

Foley "intentionally, willfully, wantonly, recklessly and/or grossly negligently failed to use reasonable and prudent care . . . ."[2] (Compl. ¶ 113.) Thus, the cases Foley cites are inapposite. Controlling case law must involve allegations of grossly negligent, intentional, or reckless conduct. Such cases were discussed in the Court's original order. *See Rx USA v. International Inc.*, *v. Superior Pharmaceutical Co. et al.*, No. 04-5074 at 19 (Oct. 20, 2005) (citing *Singer v. Whitman & Ransom*, 442 N.Y.S.2d 26 (N.Y. App. Div. 1981); *Newburger, Loeb, & Co., Inc. v. Gross*, 563 F.2d 1057 (2d Cir. 1977)).

Defendant further argues that this Court's decision was incorrect because Foley made no statement or representation on which Plaintiff could have relied. (Def.'s Mot. Reconsider at 4.) However, RxBazaar listed Foley as a reference in its Credit Application. This reference may be considered a statement by Foley which attested to RxBazaar's business practices.[3] *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996) (holding that in ruling on a 12(b)(6) motion "[t]he [c]ourt must . . . construe all reasonable inferences in favor of the Plaintiff.") RxBazaar sent the Credit Application to Rx USA, and Rx USA claims it relied on the application in conducting business with RxBazaar. Thus, Plaintiff has properly demonstrated reliance on a representation made by Foley.

---

[2] In regard to gross negligence, courts interpreting New York law have held that "[b]y definition, gross negligence is more closely analogous to an intentional tort than it is to negligence." *Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp.*, 1992 WL 121726, *27 (N.D.N.Y. May 23, 1992).

[3] A number of RxBazaar's public filings lend further support to Rx USA's contention that Foley had intimate knowledge of RxBazaar's business practices. (Pl.'s Mem. Opp. Reconsider at 2 (citing SEC Report SB-2, dated April 15, 2002 and SEC form 10KSB, dated April 15, 2002.))

Foley also argues that under controlling case law, lawyers have no duty to stand by a contract they prepare but do not sign. (Def.'s Mot. Reconsider at 5.)  Foley then claims that the SEC filing it allegedly prepared but did not sign or certify is indistinguishable from a contract.  Foley, however, misses an important difference:  while lawyers normally draft contracts for parties, SEC filings are prepared for the public.  The New York Court of Appeals has suggested that professionals may be held liable for documents they draft, if the professionals know such documents will be relied on by numerous third parties.

In *Ultramares Corp. v. Touche*, 255 NY 170 (N.Y. 1931), accountants prepared a balance sheet for their client and provided some 32 copies to be exhibited to *inter alia* banks, creditors, and stockholders.  The Court of Appeals held that the accountants were not liable to third parties who may have relied on financial information to their detriment, reasoning that the accountants' report was primarily intended as an instrument for its client's use in developing its business and only 'incidentally or collaterally' was it expected to assist those to whom the client 'might exhibit it thereafter' *Id.* at 173-74, 183 (emphasis added); *see also Prudential Insurance Co.*, 80 N.Y.2d at 383 (interpreting *Ultramares*).  Conversely, if the report was prepared primarily for use by third parties, the accountants may have been liable.  Here, the SEC filings were primarily prepared for the benefit of third parties, i.e. potential investors.  Thus, Foley, unlike the accountants in *Ultramares*, may be held liable for the documents' preparation.

Accordingly, Foley's motion to reconsider this Court's Order is

**DENIED**.  Foley's motion to correct the transcript and the Court's Order is

**GRANTED**.


**SO ORDERED**.

/S/_____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
December 7, 2005